UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER, | 1:03-CV-5594 AWI BAK |
| Petitioner, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| v. | (Documents #40 & #41) |
| SYLVIA GARCIA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 24, 2004, the court granted Respondent's motion to dismiss and dismissed the petition.  The court found that Petitioner was not currently "in custody" to attack the conviction at issue in the petition because he had already served the conviction's sentence. The court found Petitioner's current incarceration did not meet Section 2254's "in custody" requirement because Petitioner is serving a sentence based on a different conviction.

On June 24, 2009, Petitioner filed motions for reconsideration, along with other motions. In these motions, Petitioner contends that the CDC has recently demanded that he pay restitution that he was ordered to pay as part of the conviction at issue in the petition.   Petitioner appears to contend that this pending restitution demand places Petitioner "in custody" for the purposes of

1  challenging the conviction through Section 2254.

2      The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d
3  1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
4  Motions for reconsideration are disfavored, however, and are not the place for parties to make
5  new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734,
6  740 (9th Cir. 2001);  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918,
7  925-26 (9th Cir.1988).  Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a
8  party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or
9  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied
10 or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.
11 Fed.R.Civ.Pro. 60(b); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255,
12 1263 (9th  Cir. 1993).

13     Petitioner's position is that he is "in custody" to challenge the conviction at issue in the
14 petition, even though he is serving a sentence based on a different conviction, because the CDC
15 is now attempting to recover restitution ordered in the conviction at issue in the petition.  The
16 court may entertain a petition for writ of habeas corpus only on behalf of a petitioner "in custody
17 in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). 
18 A petitioner must be "in custody" under the conviction or sentence the petition attacks when the
19 petitioner files the petition.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989);  Allen v. State of
20 Oregon, 153 F.3d 1046, 1048 (9th Cir. 1998).   A restitution order does not satisfy Section
21 2254(a)'s "in custody" requirement.  United States v. Thiele, 314 F.3d 399, 401-02 (9th Cir.
22 2002); United States v. Kramer, 195 F.3d 1129, 1130 (9th  Cir. 1999).  Petitioner is still not "in
23 custody" even though the CDC has taken actions to collect restitution.   Thus, this court
24 continues to lack habeas jurisdiction to entertain a challenge to the conviction at issue in the
25 petition.

Accordingly, the court ORDERS that:

1. Plaintiff's motions for reconsideration are DENIED; and
2. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

**Dated:    August 7, 2009**                             /s/ Anthony W. Ishii
                                                         CHIEF UNITED STATES DISTRICT JUDGE

3