UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>    Petitioner,<br><br>    vs.<br><br>SILVIA GARCIA,<br><br>    Respondent.<br>_____/ | 1:03-cv-5594-AWI-BAK-GSA  (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 50) |

On February 25, 2004, judgment was entered dismissing the case. (Doc. 28). Over five years later, on June 24, 2009, Petitioner filed a motion for reconsideration. (Doc. 41). On August 10, 2009, the District Judge denied the motion for reconsideration. (Doc. 48). In the interim, Petitioner requested appointment of counsel on July 30, 2009, but this motion was denied on August10, 2009. (Docs. 47 & 49). Nine days later, Petitioner again filed the instant motion for appointment of counsel, citing unspecified "disabilities" under the Americans With Disabilities Act as grounds. (Doc. 50).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case,

the court does not find that the interests of justice require the appointment of counsel. First, Petitioner has not provided the Court with any details regarding the nature of his purported "disability" or evidence regarding how that purported "disability" requires the appointment of counsel. Second, the proceeding for which Petitioner seeks counsel, i.e., the motion for reconsideration, has already been denied. Thus, no basis for appointing counsel presently exists. Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel (Doc. 50), is DENIED.

IT IS SO ORDERED.

**Dated:   August 26, 2009**               /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE