UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SILVIA GARCIA,<br><br>　　　　Respondent. | 1:03-cv-05594-AWI-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(Doc. 52) |

Petitioner commenced this legal odyssey by filing his habeas petition on May 12, 2003, challenging an April 6, 1998 conviction in the Fresno County Superior Court for failure to register as a sex offender and the subsequent thirty-two month sentence. (Doc. 1). On December 29, 2003, the Court issued Findings and Recommendations to dismiss the petition because Petitioner no longer met the "in custody" requirement for federal habeas jurisdiction. (Doc. 21). On February 24, 2004, the District Judge adopted the Findings and Recommendations, dismissed the petition, and entered judgment. (Docs. 27 & 28). Thereafter, Petitioner appealed to the Ninth Circuit, and the Court's own docket indicates that on April 7, 2004, the Ninth Circuit notified this Court that it had refused to issue a certificate of appealability for Petitioner to proceed in that court. (Doc. 39).

Over five years elapsed before Petitioner attempted to revive this now-defunct case. On June 24, 2009, Petitioner filed a Motion for Order, apparently seeking an order preventing

1 Respondent from withdrawing money from his prison trust account for some kind of unspecified
2 restitution payment. (Doc. 40). That same date, Petitioner filed a motion for reconsideration of
3 the 2004 order dismissing his petition. (Doc. 41). In his motion for reconsideration, Petitioner
4 indicates that Respondent is attempting to collect restitution from Petitioner in the amount of $600.
5 (Doc. 41, p. 3). On July 30, 2009, Petitioner requested the appointment of counsel. (Doc. 47).
6 The Court denied all of Petitioner's motions on August 10, 2009. (Docs. 48 & 49). Shortly
7 thereafter, on August 19, 2009, Petitioner again moved for the appointment of counsel, and on
8 August 26, 2009, the Court again denied Petitioner's request. (Docs. 50 & 51). On September 21,
9 2009, Petitioner filed the instant motion for reconsideration of the Court's August 26, 2009 denial
10 of his motion for appointment of counsel in this now-closed case. (Doc. 52). In the motion for
11 reconsideration, Petitioner contends that he is a seventy-three year old inmate who suffered a
12 stroke on February 27, 2009, the he is partially paralyzed, that he is unable to care for himself, that
13 he is unskilled in the law, and that he is unable to afford an attorney. (Id.).

14 Although Petitioner paints a sympathetic portrait of someone who has been
15 institutionalized for many years, Petitioner's motion for reconsideration misses the key point: the
16 underlying petition was dismissed six years ago and the case is closed. There is no further activity
17 in this case except for Petitioner's repeated requests for counsel. Petitioner has never identified
18 why he needs an attorney for a closed case or, if an attorney were appointed, what potential legal
19 proceedings that attorney might file in this case.[1]

20 As the Court has explained to Petitioner many times, there currently exists no absolute
21 right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d
22 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.),
23 cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment

---

[1] Once the petition was dismissed for failure to meet the "in custody" requirement, the case was concluded, the file was closed, and no further action was contemplated by this Court. If Petitioner has concerns about issues related to his 1998 conviction that were not raised in the original petition in this case, he must file a new and separate legal proceeding in the appropriate court. He cannot simply continue to file motions in a case that is closed.

**2**

of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel.  Indeed, it is difficult for the Court to imagine under what circumstances the interests of justice would require the appointment of counsel for a case that was dismissed six years ago and for which Petitioner has completed his period of incarceration.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 52), which the Court construes as a successive request for appointment of counsel, is DENIED.

IT IS SO ORDERED.

Dated:   **March 25, 2010**                    /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE